EMMA VICTORIA GELPÍ, peticionaria y apelante, *v.* WILLIAM D. LEAHY, Gobernador de Puerto Rico, querellado y apelado.

Núm. 7877.—*Sometido:* ·Noviembre 17, 1939. *Resuelto:* Marzo 26, 1940.

*Alfonso Lastra Chárriez, Adolfo Dones Padró, Pedro Baigés Gómez, Antonio Amadeo* y *Gelpí & Gelpí,* abogados de la apelante; *Hon. Procurador General George A. Malcolm (B. Fernández García, Ex-Procurador General,* en el alegato) y *E. Campos del Toro, Prorador General Auxiliar,* abogados del apelado.

#### SENTENCIA

San Juan, Puerto Rico, marzo 26, 1940.

POR CUANTO, el Juez Asociado Sr. Wolf ha emitido opinión para que se confirme la sentencia apelada;

POR CUANTO, el Juez Asociado Sr. Hutchison está conforme con la confirmación de la sentencia, pero no por las razones consignadas por el Juez Asociado Sr. Wolf en su antedicha opinión;

POR TANTO, se confirma la sentencia apelada que dictó el Juez Presidente Sr. Del Toro, en su carácter de Juez de turno, en el recurso de epígrafe con fecha septiembre 30, 1938.

El Juez Presidente Sr. Del Toro no intervino y los Jueces Asociados Sres. Travieso y De Jesús disintieron.

#### OPINIÓN DEL JUEZ ASOCIADO SEÑOR WOLF

.Emma V. Gelpí era la secretaria de la Corte de Distrito de Mayagüez. Luego de varios incidentes que están muy bien reseñados en la opinión del Juez Presidente Sr. Del Toro, en su carácter de Juez de turno, Emma V. Gelpí fué por orden del Gobernador de Puerto Rico, destituída de su

cargo.. Ella acudió ante el Juez Presidente Sr. Del Toro, en su carácter de Juez de turno, tanto en solicitud de un auto de *mandamus* como en solicitud de uno de *injunction* contra el Gobernador de Puerto Rico, todo ello con el objeto de restituirla en su cargo o para que permaneciera en él. Hubo una vista sobre la procedencia del auto y éste fué finalmente denegado. El Juez Presidente tuvo razones que no discutiré para negarse a expedir el auto.

El artículo 49 de la Carta Orgánica provee:

"En lo sucesivo todos los Jueces, Márshals y Secretarios de los tribunales establecidos actualmente o que se establecieren en adelante en Puerto Rico, y cuyo nombramiento por el Presidente no esté dispuesto por ley, serán nombrados por el Gobernador con el concurso y consentimiento del Senado de Puerto Rico."

Ese artículo, a mi juicio, otorga al Gobernador el poder absoluto de destituir como inherente al poder de nombrar. El Gobernador, desde luego, según concibo, puede hacer lo que hizo en este caso, es decir, dar a una persona que está sujeta a ser destituída la correspondiente notificación y la oportunidad de ser oída antes de actuar, y luego él puede exponer los motivos que ha tenido para destituir a esa persona. Sin embargo, si sus razones son buenas o malas, o si su actuación al destituir puede considerarse como ejecutada por justa causa o no, su poder de destituir, en mi opinión, permanece absoluto. El hecho de que él considerara este caso tal cual si las palabras "justa causa" figuraran en el estatuto, no afecta, por las razones por mí sugeridas, ese derecho.

Esas razones constan de manera más específica en la opinión disidente emitida por mí en el caso de *Jiménez* v. *Reily,* tomo 30 de las Decisiones de Puerto Rico, pág. 728.

Tampoco afecta la cuestión el hecho de que el Secretario de la Corte de Distrito sea nombrado por un término de cuatro años. Ésta es cuestión que también discutí en mi opinión disidente en el caso de Jiménez, supra.

Por tanto, creo que la actuación del Sr. Juez Presidente al negarse a expedir el auto estuvo justificada.