LUIS ABELLA BLANCO, peticionario y apelante, *v.* REXFORD GUY TUGWELL, sustituído por JESÚS T. PIÑERO, GOBERNADOR DE PUERTO RICO, demandado y apelado.

Núm. 9571.—*Sometido:* Febrero 6, 1948. *Resuelto:* Marzo 19, 1948.

*Juan B. Soto* y *Juan F. Soto,* abogados del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El Gobernador destituyó a Luis Abella Blanco del puesto de Registrador de la Propiedad de Caguas, después de una vista de los cargos que se le formularon y a tenor con la recomendación del árbitro que oyó la evidencia. Abella radicó una petición de *mandamus* ante la corte de distrito para obligar al Gobernador a reponerlo en su empleo de Registrador. La corte inferior desestimó la petición por el fundamento de que no aducía una causa de acción. Por los motivos expuestos en detalle en nuestras opiniones, dejamos sin efecto esta sentencia y devolvimos el caso para que el recurrido pudiera enmendar su contestación y para ulteriores procedimientos. *Abella* v. *Piñero, Gobernador,* 66 D.P.R. 690.

Luego de devuelto el caso a la corte de distrito, el 13 de febrero de 1947 Abella radicó una solicitud enmendada. El 18 de marzo de 1947, el Gobernador radicó su contestación. Después de un juicio en los méritos, el 23 de abril de 1947,

la corte de distrito dictó sentencia declarando sin lugar la solicitud. El peticionario apeló de dicha sentencia.

■■ Al comenzar el caso nos confrontamos con el hecho de que Abella ya no es persona idónea para ocupar el cargo de Registrador, por haber sido desaforado por este Tribunal después de una vista, el 22 de abril de 1947. *In re Abella,* 67 D.P.R. 229; sección 1, Ley de 10 de marzo de 1904 (pág. 144), según fué enmendada por la sección 1, Ley de 16 de marzo de 1909 (pág. 215). El apelante arguye que este caso debe resolverse a base de las alegaciones y de la evidencia presentada ante la corte de distrito; que si fué ilegalmente destituído por el Gobernador, su desafuero posterior no puede ser empleado para darle validez a la actuación del Gobernador; y que si su desafuero constituyera ahora un motivo adecuado para su destitución, que el Gobernador debiera tomar alguna acción futura a ese efecto.

No podemos convenir con esta contención. Tomamos conocimiento judicial de nuestra propia actuación al desaforar a Abella. Toda vez que éste ya no puede actuar como Registrador, a nuestros fines su solicitud de *mandamus* está en la misma posición legal que si él hubiera ocupado un cargo con término fijo que expiró mientras el pleito estaba pendiente. Bajo dichas circunstancias la petición, en tanto en cuanto solicita se le restituya en el cargo, se convierte en académica y no será concedida. *Gelpí* v. *Tugwell,* 123 F.2d 377 (C.C.A. 1, 1941); véase *De Castro* v. *Junta de Comisionados,* 59 D.P.R. 676, 136 F.2d 419 (C.C.A. 1, 1943), 322 U. S. 451. Al resolver esto, no estamos, según alega el apelante, desempeñando la función ejecutiva de destituir a Abella por el fundamento de haber sido desaforado. Más bien nos estamos negando a hacer lo que Abella solicita: que dictemos una sentencia afirmativa ordenando su reposición a un cargo para el cual él está ahora legalmente incapacitado.

■■ Si bien Abella no puede ser repuesto en su cargo debido a su incapacidad, resta todavía la cuestión de si él puede, no obstante, recibir una sentencia por los sueldos que debió haber devengado, entre la fecha de su destitución y la fecha en que fué desaforado, si es que resolvemos que fué ilegalmente destituído.

Suponemos, sin decidirlo, que Abella fué ilegalmente destituído, a pesar de la contención del recurrido de que lo fué legalmente. *Cf. Jiménez* v. *Reily, Gobernador de Puerto Rico,* 30 D.P.R. 626; *Gelpí* v. *Leahy, Gobernador,* 56 D.P.R. 925, 123 F.2d 377, 379, opinión disidente; secciones 53, 208, párrafos 4 y 8, Código Político. También suponemos, sin decidirlo, que procede el *mandamus* para obtener el remedio incidental del pago de sueldos atrasados aun cuando el fin primordial del pleito—la reposición en el cargo—ya no sea posible. *Cf. Cowan* v. *State,* 116 P.2d 854 (Wyo., 1941); *Cantellops* v. *Fernós, Comisionado,* 65 D.P.R. 797, 814; Anotación, 5 A.L.R. 572. Sin embargo esta petición se estrella ante la regla de que el remedio extraodinario y en equidad del *mandamus,* que descansa en la discreción de la corte, no puede concedérsele a una persona que no viene a la corte con manos limpias. Anotación, 36 A.L.R. 508; *Nine* v. *Ortiz,* 67 D.P.R. 940, 952, y casos allí citados. Este Tribunal ha resuelto que Abella fué culpable de conducta impropia en el desempeño del cargo de Registrador. 67 D.P.R. 229. En consecuencia sus manos no están limpias. Y no sería propio que, en el ejercicio de nuestra discreción, concedamos a tal persona el remedio en equidad del *mandamus.*

*La sentencia de la corte de distrito será confirmada.*