PRÍNCIPE, DEMANDANTE Y APELADA, *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre daños y perjuicios.

No. 1188.—Resuelto en abril 7, 1915.

PRUEBAS—PRUEBAS ADICIONALES—DISCRECIÓN JUDICIAL—REGLA 24 DE LAS CORTES DE DISTRITO.—El que se permita a una parte presentar pruebas adicionales, una vez que ha anunciado a la corte que ha concluído con la prueba de su caso, es una cuestión que descansa en la sana discreción de la corte sentenciadora, conforme la regla 24 de las cortes de distrito.

NON SUIT—INSUFICIENCIA DE LA DEMANDA—PRUEBAS.—La insuficiencia de una demanda no puede ser impugnada directamente por medio de una moción de *non suit,* la que es dirigida solamente contra la prueba.

ID.—SUFICIENCIA DE LA PRUEBA.—El peso de la prueba es una cuestión que no puede ser promovida mediante moción de *non suit.* Lo que en tal caso hay que considerar es si existe o nó alguna prueba ante la corte.

PRUEBAS—MOCIÓN SOLICITANDO PERMISO PARA INTRODUCIR PRUEBA ADICIONAL—FORMA DE LA MOCIÓN.—En una moción solicitando permiso para introducir prueba adicional, es inmaterial la forma en que la misma se presente, siempre que conste claramente a las partes que la corte permite que se presente la prueba adicional a solicitud de una de ellas.

ID.—RAZÓN O EXCUSA—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN.—Si debe o nó demostrarse razón o excusa para no haberse introducido durante el caso la prueba que se ofrece como nueva, así como las condiciones a que debe quedar sujeta la misma prueba, son cuestiones todas que descansan en la discreción de la corte, y su resolución no será modificada, a no ser que se demuestre claramente que ha abusado de dicha discreción.

NON SUIT—PRUEBA DEL DEMANDADO—RENUNCIA.—Las mociones de *non suit* son dirigidas a la consideración de la corte y cuando un demandado quiere sostener su objeción a la falta de prueba del demandante debe abstenerse de presentar la suya, porque de hacerlo se entiende que renuncia a ella, y no será revisable en apelación si la evidencia que ha presentado el demandado suple los defectos que pudiera tener la prueba del demandante. Véase *Díaz v. Rivera,* 19 D. P. R., 548.

Pruebas—Dominio—Presunción.—Una vez acreditado el dominio se presume que continúa hasta tanto no se demuestre lo contrario.

Id.—Impugnación a la Declaración de un Testigo—Objeción Específica.— Cuando una parte desea impugnar la declaración de un testigo, su objeción debe ser especificada.

Negligencia—Ferrocarriles—Cruces por una Carretera ·Pública—Cadenas y Barreras.—Las compañías de ferrocarriles están en la obligación de poner' cadenas, barreras u otros medios equivalentes en los cruces públicos. Esta falta de la debida protección por medio de cadenas, barreras o de otro modo constituye una prueba suficiente de negligencia.

Conocimiento Judicial—Carreteras—Highway—Camino Público.—La palabra "carretera," así como la inglesa "highway," significa un camino público, y en el caso de autos la corte tenía derecho a tomar conocimiento judicial de que el camino entre Ponce y Santa Isabel es una carretera pública.

Negligencia—Negligencia "Per Se"—Ferrocarriles—Falta de Luces—Campana—Pito.—Aún admitiendo que el orden en que marcha un ferrocarril y el hecho de no llevar luces no constituye negligencia per se, la corte está justificada para declarar que existe negligencia por la falta de luces y del debido orden, especialmente si resulta de la prueba que el servicio del tren era irregular y que éste marchaba sin tocar campana ni pito.

Id.—Negligencia Contributoria—Guía—Pasajeros.—La negligencia del que guía un coche no puede generalmente atribuirse al pasajero, a no ser que éste tenga dominio sobre el primero o exista algún otro elemento contributivo.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. F. G. Pérez Almiroty.

Abogado de la apelada: Sr. José Tous Soto.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta fué una acción establecida contra The American Railroad Company of Porto Rico en reclamación de la suma de $999, en concepto de daños y perjuicios. La corte dictó sentencia a favor de la demandante por la cantidad de $500.

Habiendo anunciado durante el juicio la demandante por medio de su abogado que había terminado con la presentación de la prueba de su caso, la demandada presentó una moción de non suit fundada en varias razones, una de las cuales era la de no haberse probado que el sitio donde ocurrió el accidente, o sea, el cruce llamado "Cuatro Calles" fuera de la propiedad de la demandada. Entonces la corte, a moción de la demandante permitió la introducción de prueba adicional, reservándose su resolución sobre la moción de non suit.

La actitud que asumió la corte ha sido impugnada por distintos medios, pero el error que se alega en lo que respecta a este particular es el de que la corte no debió haber permitido que se presentara prueba adicional. Pero el que se permita a una parte que presente pruebas adicionales una vez que ha anunciado a la corte que ha concluído con la prueba de su caso es una cuestión que descansa en la sana discreción de la corte sentenciadora. Esta materia está comprendida en la regla 24 de la corte de distrito, la cual prescribe lo siguiente:.

"Regla 24.—La corte a su discreción en cualquier tiempo antes de que se concluyan los argumentos, cuando aparezca necesario para la debida administración de la justicia puede conceder a una parte que supla una omisión en el testimonio, según los términos y bajo las limitaciones que la misma corte prescriba."

Otra de las razones que sirvió de fundamento a la moción de *non suit* fué la de no haber probado la demandante los daños y perjuicios alegados. La apelante parece fundar su argumentación en parte en la insuficiencia de la demanda, pero ésta no puede ser impugnada directamente por medio de una moción de *non suit*. Dicha moción se dirige solamente contra la prueba.

Luego inicia la apelante una discusión con el objeto de probar lo leve que fué la prueba referente a los daños y perjuicios, que los testigos principales tuvieron prejuicio y porque los daños y perjuicios no eran de importancia. El peso de la prueba es una cuestión que no puede ser promovida mediante moción de *non suit*. Lo que en tal caso hay que considerar es si existe alguna prueba ante la corte, y los autos muestran que existió dicha prueba.

El segundo error que como tal ha sido alegado, se refiere a la forma de la moción presentada por la demandante solicitando permiso para introducir la nueva prueba. La forma de la moción es inmaterial siempre que conste claramente a las partes que la corte permite que se presente la prueba

adicional a solicitud de una de ellas.  Y en cuanto a que debe demostrarse la razón o excusa por no haberse introducido anteriormente la referida prueba, así como a las condiciones a que debe quedar sujeta, son cuestiones todas que pertenecen a la discreción de la corte y su resolución no será modificada a no ser que se demuestre claramente que ha abusado de dicha discreción.  Se hicieron otros señalamientos de error con respecto a la moción de *non suit,* pero que no tenían importancia, especialmente por haber continuado la demandada presentando su prueba.  La moción de *non suit* quedó por sí abandonada por tal proceder.  *Díaz* v. *Rivera,* 19 D. P. R., 548.

Para probar que el lugar denominado "Cuatro Calles" pertenecía a la demandada ocupó la silla testifical el abogado de la demandante Sr. Tous Soto.  Este declaró en substancia que le constaba positivamente que el ramal del camino de que se trata en este pleito pertenece a la American Railroad Company of Porto Rico y le constaba esto porque había intervenido como abogado de la compañía en la expropiación de terrenos para construir dicho ramal.  Esta prueba fué presentada sin objeción alguna.  En el examen de repreguntas el testigo declaró en substancia que su información se limitaba a hace cuatro años.  Siguió declarando el testigo que le constaba por la *Gaceta Oficial* sobre Corporaciones de las audiencias del Consejo Ejecutivo que no había habido cambio o traspaso de propiedad en los ramales de la American Railroad Company, y que la compañía no podía hacer ningún traspaso sin la autorización del Consejo Ejecutivo la cual no había sido dada en este caso, expresando el declarante que conocía todos los acuerdos del Consejo Ejecutivo en esa materia por la *Gaceta Oficial.*  Entonces la demandada dijo: "Si esos documentos existen la mejor prueba son los documentos.  Tengo que oponerme a la declaración del distinguido compañero, porque entiendo que una declaración oral, por muy respectable que ella sea, no es la mejor prueba para probar el punto en cuestión."

La demandada no hizo ninguna moción para que fuera eliminada alguna parte de la prueba directa. La excepción tal como fué tomada se limitó únicamente a hacer la alega-ción de que las manifestaciones hechas por el testigo no cons-tituían la mejor prueba del contenido de ciertos documen-tos. Esos documentos eran ejemplares de la *Gaceta Oficial.* La objeción fué debidamente tomada en la forma en que se hizo. La corte cometió error al declarar sin lugar dicha obje-ción pero el error no era perjudicial.

No causó perjuicios el error porque habiendo declarado ya el testigo sin que fuera impugnada su declaración que el ramal en cuestión pertenecía a la compañía desde cua-tro años antes, debía surgir naturalmente la presunción de que la compañía era todavía dueña del referido ramal mien-tras no se probara lo contrario. El artículo 102, párrafo 31 de la Ley de Evidencia, dice lo siguiente:

"Que una vez probada la existencia de una cosa, continúa ésta todo el tiempo que ordinariamente duran las cosas de igual natu-raleza."

*Huss* v. *Community Hochhausen,* 12 L. R. A., 620; *Ford* v. *State of Mississippi,* 35 L. R. A., 117. Una vez acreditado el dominio se presume que continúa hasta tanto no se demues-tre lo contrario. Los títulos se acreditan en esta forma.

Si la demandada deseaba impugnar toda la declaración del testigo Tous Soto, debió haber sido más específica la obje-ción. *Falero* v. *Falero,* 15 D. P. R., 118.

Ahora pasamos a considerar los llamados errores de fondo que han sido alegados por la apelante. La corte inferior declaró que la demandada era culpable de negligencia por las cinco distintas razones que siguen:

(*a*) Por falta de luces y cadenas, barreras y otros medios equivalentes en el lugar en que ocurrió el accidente.

(*b*) Por no haberse tocado pito ni campana.

(*c*) Por ir la locomotora a la cola del tren en vez de la parte de delante del tren.

(*d*) Por no llevar luces el vagón de cabecera.

(*e*) Por no tener ni la locomotora ni los vagones frenos continuos, como lo exige la Ley Federal sobre Instrumentos de Seguridad.

La apelante pretendió demostrar que todos estos fundamentos relativos a negligencia fueron erróneamente apreciados por la corte inferior.

Creemos que el primer fundamento o sea el de la falta de luces y cadenas, etc., es el de más importancia. En el caso de *Domínguez* v. *Porto Rico Railway Light and Power Co.,* 19 D. P. R., 1090, quedó claramente probado que las compañías de ferrocarriles están en la obligación de poner cadenas, barreras u otros medios equivalentes en los cruces públicos. Alega, sin embargo, la apelante que en este caso no se demostró que el cruce fuera público. En su alegato se hace cierta mención respecto al hecho de no haber alegado la demandante en su demanda que el cruce era público. La demandante habló de que iba por la carretera entre Ponce y Santa Isabel hacia el punto del ferrocarril en que ocurrió el accidente, lo cual es una alegación suficiente. De varias partes de la prueba también aparecía que el accidente tuvo lugar en el sitio llamado "Cuatro Calles" de dicha carretera entre Ponce y Santa Isabel. Creemos que la palabra "carretera," así como la palabra inglesa *"highway,"* significa un camino público, y si hubo alguna duda en cuanto a su significado la corte tenía derecho a tomar conocimiento judicial de que el camino entre Ponce y Santa Isabel es una carretera pública. Esta falta de la debida protección por medio de cadenas, barreras o de otro modo, constituyó una prueba suficiente de dicha negligencia.

No es necesario discutir con mucha extención los otros elementos de negligencia que declaró la corte que habían sido probados. Aun concediendo que, como sostiene el apelante el orden en que marchaban los carros o el hecho de que no llevaran luces no constituye negligencia *per se,* opinamos que la corte estuvo justificada en declarar que había habido

negligencia por la falta de luces y del debido orden, especialmente habiendo resultado de la prueba que el tren marchaba a intervalos irregulares, y también declaró probado la corte que de la preponderancia de la prueba aparecía que la demandada no había tocado campana ni sonado el pito. De acuerdo con estas consideraciones no es preciso resolver si está en vigor en Puerto Rico la Ley Federal sobre Instrumentos de Seguridad.

El segundo error hace referencia al hecho de haber permitido la corte la presentación de nueva prueba para contradecir la alegación hecha de que el ramal de la carretera que atraviesa el cruce ''Cuatro Calles'' pertenecía a la compañía. Puede que el apelante esté en lo correcto al decir que la corte no comprendió bien el carácter de las repreguntas hechas por el abogado de la demandada, y que el abogado no hizo ninguna pregunta referente al dominio de dicho ramal. Sea esto como fuere, como hemos declarado que el dominio quedó probado en otra forma, si hubo algún error no era perjudicial.

El tercer error que ha sido alegado se refiere a la supuesta prueba de negligencia contributoria por parte de Luis Príncipe que guiaba el coche donde se encontraba sentada la demandante al ocurrir el accidente. Podría hacerse necesario que discutiéramos la prueba en cuanto a este particular si la negligencia de Luis pudiera imputarse a su hermano. Creemos que la negligencia del que guía el coche generalmente no puede atribuirse al pasajero a no ser que éste tenga dominio sobre el primero o exista algún otro elemento que no se probó en este caso. *Domínguez* v. *Porto Rico Railway Light & Power Co.,* 19 D. P. R., 1090. Y el caso no varía de modo alguno por el hecho de que la demandante fuera hermana de la persona que guiaba el coche ni prueba tampoco que ella tuviera autoridad sobre él porque le hubiera indicado a su hermano que llevara los caballos al trote para mayor seguridad pues a ella no le gustaba ir ligero.

El único otro error trata del peso de la prueba en lo que

respecta a los daños y perjuicios.  El doctor declaró que
encontró contusiones y heridas leves y que la demandante
podría sufrir ataques nerviosos, síntomas de perturbación
digestiva o neurastenia como resultado del accidente.  Y hubo
prueba que mostraba que la demandante estuvo en cama unos
trece o catorce días y tuvo que abandonar el trabajo por
treinta y dos días.  La prueba en cuanto a los daños y per-
juicios de consideración no es robusta pero tampoco es muy
severa la sentencia si se tienen en cuenta todos los perjui-
cios ocasionados a la demandante y los demás que pudieron
ocasionársele.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro, Aldrey y Hutchison.