EUGENIA SUSANA PAGÁN, demandante y apelante, *v.* CORNELIO D. SANTIAGO, demandado y apelado.

Núm. 9733.—*Sometido:* Junio 2, 1948. *Resuelto:* Julio 14, 1948.

*Mario Báez García,* abogado de la apelante; *J. Alemañy Sosa,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Eugenia Susana Pagán radicó ante la Corte de Distrito de Mayagüez demanda sobre reivindicación y cobro de frutos contra Cornelio D. Santiago. Como primera causa de acción sostiene ser dueña legítima de una finca rústica de ocho cuerdas, que adquirió en estado de soltería, y que el demandado, sin derecho ni título alguno, de mala fe e ilegalmente

y en contra de la voluntad de ella posee materialmente dicha finca y se niega a entregársela; y como segunda causa de acción reclama frutos por valor de $15,000.

El demandado contestó negando los hechos esenciales de la demanda y alegando como defensas especiales que si la demanda se considera como una de rescisión o como una de nulidad la misma ha prescrito; y que ha adquirido la finca por prescripción. Dichas cuestiones de derecho fueron desestimadas por la corte inferior y al ir el pleito a juicio y luego de desfilar la prueba de la demandante, el demandado presentó una moción de *nonsuit* que fué declarada con lugar.

De la sentencia así dictada apela la demandante y en apoyo de su recurso alega que la corte inferior cometió error al resolver (1) que ella no había probado su título de dominio sobre la propiedad descrita en la demanda; (2) al resolver que ella tenía previamente que obtener la nulidad del título del demandado para poder establecer la acción reivindicatoria; (3) al declarar con lugar la moción de nonsuit; y (4) al declarar sin lugar la moción de reconsideración presentada.

En la sentencia dictada la corte inferior se expresa así:

"En acciones reivindicatorias, cuando el demandado está en posesión de un título y éste tiene el mismo origen que el del reivindicante o procede del mismo reivindicante, es necesario que éste entable la acción correspondiente para invalidar el título del poseedor, y hasta que esa nulidad no se obtiene en una acción independiente, el reivindicante no tiene título para reivindicar."

En apoyo de la anterior aseveración cita 3 Manresa, Comentarios al Código Civil Español, Edición de 1934, pág. 143; 6 Scaevola, Código Civil, pág. 235; las Sentencias del Tribunal Supremo Español de 19 de abril de 1905 (101 J. C. 161) y 2 de marzo de 1912 (123 J. C. 640) y la decisión emitida por este Tribunal en el caso de *Sucesión Blondet et al.* v. *Fantauzzi Hermanos,* 14 D.P.R. 313. Las partes dedican gran parte de su alegato a la discusión de esta cuestión.

Hoy en día, dada la Regla 18(*b*), la acumulación de acciones como las alegadas por la demandante en su demanda es claramente permisible. Dispone dicha Regla lo siguiente:

"(*b*) *Acumulación de Remedios; Traspasos Fraudulentos.*— Cuando se tratare de una reclamación que hasta la fecha sólo podía establecerse, después que otra reclamación hubiere sido proseguida hasta su terminación, dichas dos reclamaciones podrán acumularse en la misma acción; pero la corte concederá remedio en esa acción sólo de acuerdo con los derechos sustantivos que relativamente tuvieren las partes. Especialmente, un demandante puede exponer una reclamación de dinero y una para anular un traspaso fraudulento que le perjudique, sin que sea necesario obtener previamente sentencia por la reclamación de dinero."

La fraseología del anterior inciso nos parece enteramente clara. En relación con la precedente Regla nos dice Moore en el Vol. 2 de su obra sobre *Federal Practice,* 1947 *Cumulative Supplement,* a la pág. 27, que:

"El contexto de este Inciso es amplio y *autoriza la acumulación de una acción principal con otra accesoria en todos los casos.*" (Bastardillas nuestras).

En *Armour & Co. of Delaware* v. *B. F. Bailey, Inc.,* 132 F.2d 386 se resolvió que la Regla que permite la acumulación en una sola demanda de reclamaciones que anteriormente sólo podían entablarse después que otra reclamación hubiese sido proseguida hasta su terminación, incluye la acumulación de una acción para anular un traspaso fraudulento y la de una acción para establecer una reclamación.

La aquí interpuesta es una demanda sobre reivindicación y cobro de frutos. No hay duda de que bajo la aludida Regla ambas reclamaciones son acumulables y fué un error de la corte a quo resolver que no lo eran.

▬ Una moción de nonsuit como la presentada en este caso admite a los fines de la misma la veracidad de la prueba aducida por la parte demandante. Podría decirse que ella es una excepción previa (*demurrer*) a la evidencia ofrecida por

el demandante en apoyo de las alegaciones de su demanda. *Villanueva* v. *Suárez,* 41 D.P.R. 40; *Pueblo* v. *Rivas et al.,* 68 D.P.R. 474. Por otra parte, cuando se presenta una moción de tal naturaleza no sólo se admite la veracidad· de la prueba ofrecida por la parte demandante, sino que bastará que ésta presente un caso prima facie para que la misma sea declarada sin lugar. *Méndez* v. *El Banco Comercial,* 26 D.P.R. 647 y *Príncipe* v. *American R. R. Co. of P. R.,* 22 D.P.R. 302. Así pues, se hace necesario analizar la prueba que desfiló ante la corte inferior para determinar si ella estuvo o no justificada en declarar con lugar la moción de nonsuit.

La prueba documental fué en lo pertinente la siguiente: En 2 de diciembre de 1922 se otorgó ante el notario Angel A. Vázquez una escritura en que se hacía constar que la demandante Eugenia Susana Pagán era dueña de la finca aquí en controversia, habiendo adquirido la misma siendo soltera, en parte por herencia de sus padres y en parte por compra a su hermano Cirilo Pagán. El mismo día se otorgó ante el indicado notario otra escritura a virtud de la cual la demandante trasmitió por título de venta al demandado Cornelio D. Santiago la ·indicada finca por la suma de $250, que declaró recibidos del comprador con anterioridad al otorgamiento de la escritura, pero conviniéndose "que si en el término de un año, a contar de hoy, la vendedora devuelve al comprador los doscientos cincuenta dólares del precio de la venta, y paga además los gastos de documentación, el Señor ·Santiago le otorgará la correspondiente escritura de retroventa, quedando en otro caso irrevocablemente enajenados los bienes vendidos." En esta última escritura se hizo constar asimismo que el comprador ya estaba en posesión de los bienes vendídosle y que el precio· no era inadecuado.

Y la testifical la que pasamos a exponer a continuación: *Eugenia Susana Pagán,* la demandante en el caso declara

que a los tres meses de haberse efectuado el préstamo a que
se hace referencia en la escritura últimamente mencionada, la
finca fué cedida en arrendamiento a Luis Pabón por el tér-
mino de dos años; que Pabón pagó $100 por el primer año
de arrendamiento, entregando ella esa cantidad inmediata-
mente al demandado; que vencido el arrendamiento de Pabón
ella le dejó la finca a su hermano Cirilo Pagán y más tarde
a Antonio Rivera por un par de años; que luego ella se
trasladó a San Juan y su hermano se hizo cargo de la finca,
mandándole a decir éste algún tiempo después que Ramón
Quiñones la tenía en arrendamiento, por habérsela cedido
Cornelio Santiago; que ella entonces se dirigió a Santiago
y éste no le contestó y que Ramón Quiñones dejó el arrenda-
miento al enterarse de que la finca no era de Santiago; que
entonces la propiedad pasó en arrendamiento a Juan Morales
Díaz; que ella se fué para Nueva York después y ha regre-
sado a Puerto Rico a reclamar la finca; que el negocio que
ella hizo con Santiago fué tomarle $200 para pagarle $250
a los dos años, dando la finca en garantía; y que ella ha
pagado ese dinero en su totalidad, pero que Santiago en vez
de otorgarle una nueva escritura lo que ha hecho es devol-
verle la escritura original de venta.

*Mariana Pagán de López* es hija de la demandante y le
consta que lo que su señora madre hizo fué cogerle $200 pres-
tados a Cornelio D. Santiago; que se otorgó una venta con
pacto de retro por un año y que su mamá pagó dicha cantidad
al Sr. Santiago al año.

*Francisco Pabón* es hijo de Luis Pabón y sabe que su
padre le tomó en arrendamiento a la demandante Eugenia
Susana Pagán la finca aquí en controversia.

*Ramón Quiñones Delgado* era colindante y le fué a tomar
en arrendamiento la finca a Santiago, indicándole éste que
había que esperar a que escribiera a doña Susana para ob-
tener el consentimiento de ella y que como al mes o mes y
medio Santiago le cedió la finca en arrendamiento.

Al terminar el interrogatorio del anterior testigo el abogado de la demandante manifestó que había juramentado a los testigos Cirilo Pagán y Antonio Rivera, pero que siendo acumulativo el testimonio de éstos renunciaba al mismo. Inmediatamente el demandado presentó la moción de nonsuit a que nos hemos referido y la corte la declaró con lugar.

Dispone la Ley núm. 47 de 13 de abril de 1916 (pág. 103), que:

"Toda venta de propiedad inmueble con pacto de retroventa se presumirá que constituye un contrato de préstamo por el montante del precio, con garantía hipotecaria de la finca vendida, en cualquiera de los casos siguientes:

"*Primero.* Cuando el comprador no hubiere entrado en posesión material de la cosa vendida.

"*Segundo.* Cuando el vendedor pague interés al comprador por el precio de la venta, aunque se denomine canon de arrendamiento o se le dé otro nombre cualquiera.

"*Tercero.* Cuando se hiciere figurar en el contrato, como precio de enajenación una cantidad enteramente inadecuada."

En la escritura otorgada se hace constar claramente no sólo que la demandante trasmite por título de venta al demandado la finca descrita, sino también que el comprador ya está en posesión material de los bienes vendídosle y que el precio pagado no es inadecuado. Se conviene además en que si en el término de un año a contar del otorgamiento la vendedora devuelve al comprador el precio de venta, el demandado le otorgará la correspondiente escritura de retroventa, quedando de lo contrario irrevocablemente enajenados los bienes vendidos. Bajo estas condiciones, y ateniéndonos a la escritura, el contrato celebrado sería uno de venta con pacto de retro. Empero, como la demandante declaró que el demandado le prestó $200 y que ella tuvo que devolverle $250, la transacción bajo el inciso segundo de la Ley de 1916, supra, podría interpretarse como una de préstamo con garantía hipotecaria.

Ahora bien, trátese de una venta con pacto de retro o de un préstamo con garantía hipotecaria, ¿demuestra la prueba

prima facie que la vendedora dió cumplimiento a lo pactado? Incuestionablemente, pues tanto Eugenia Susana Pagán como su hija Mariana Pagán de López manifestaron que la primera había pagado el monto total de la suma recibida de Santiago, indicando esta última además que el pago se había efectuado al año, término fijado en la escritura de venta. Demostrando la prueba prima facie que la demandante pagó dentro del año la cantidad por la cual vendió su finca con pacto de retro el deber del demandado de otorgarle la correspondiente escritura y el derecho de la demandante a reivindicar la propiedad y reclamar frutos eran claros. La moción de nonsuit debió ser declarada sin lugar y procederse a oír la prueba del demandado. (1)

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos.*

El Juez Asociado Sr. De Jesús no intervino.

---

(1) Según dijimos en la nota (1) en el caso de *Torres Torres* v. *Marcano,* 68 D.P.R. 880, "De acuerdo con la Regla 41(*b*) de Enjuiciamiento Civil, el demandado no renuncia a su derecho a presentar prueba por el hecho de que su moción de nonsuit haya sido desestimada." Véase 4 *Federal Rule Decisions,* pág. 133, en el cual se dice que "en un caso visto, sin jurado la parte demandada puede al finalizar la prueba del demandante solicitar se desestime la acción sin renunciar su derecho a presentar prueba en caso de que su moción sea declarada sin lugar."