Epifanio Fernández Vanga, peticionario y apelado, *v.* Manuel Pavía Fernández, en su carácter de Alcalde Sustituto de San Juan, demandado y apelante.

No. 5211.—*Sometido:* Febrero 3, 1931. *Resuelto:* Julio 28, 1931.

*Guerra-Mondragón & Soldevila,* abogados del apelante; *J. Martínez Dávila, J. de Guzmán Benítez, Francis H. Dexter* y *A. González Lamas,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un caso de *certiorari* iniciado por Epifanio Fernández Vanga contra Manuel Pavía Fernández, Alcalde Sustituto de San Juan.

Alégase en la petición, en resumen, que el peticionario fué nombrado Director Escolar del Municipio de San Juan por el Alcalde Roberto H. Todd, el 14 de enero de 1929, aprobando la Asamblea Municipal el mismo día el nombramiento, cuyo término es el de cuatro años.

Que en 3 de septiembre de 1929 y con motivo de las diferencias políticas surgidas en el seno del partido "Alianza Puertorriqueña", el peticionario planteó ante el Alcalde Todd la cuestión exclusiva personalísima de confianza y puso a su disposición la renuncia de su cargo.

Que el mismo día el Alcalde Todd contestó al peticionario que no consideraba suficientes sus argumentaciones para aceptarle la renuncia, negándose de hecho y de derecho a aceptarla y quedando de ese modo terminada de hecho y de derecho la cuestión de confianza planteada; que en tal virtud el peticionario dió por retirada la renuncia y continuó en el desempeño de su cargo.

Que el 10 de septiembre de 1929 se ausentó para Estados Unidos el Alcalde Todd, quedando como sustituto suyo el Director de Beneficencia demandado Manuel Pavía Fernández.

Que el demandado sin tener ante sí renuncia alguna del peticionario, excediéndose en sus atribuciones, dirigió al peticionario una comunicación con fecha 5 de octubre de 1929, manifestándole que aceptaba la renuncia que había presentado de su cargo de Director Escolar, amenazando nombrar otra persona para el dicho cargo.

Que de acuerdo con el artículo 29 de la Ley Municipal vigente, el peticionario tiene derecho a no ser destituído a menos que se le formulen cargos y se le dé oportunidad de defenderse y lo hecho por el Alcalde Sustituto equivale a una destitución sin justa causa.

El auto fué expedido. Presentó el demandado una moción para que se anulara que fué declarada sin lugar y contestó alegando, en resumen, que el Alcalde Todd se había limitado a acusar recibo de la renuncia del peticionario, sin resolver la misma mientras no surgiesen fuerzas más poderosas que lo obligaran a ello; que al aceptar la renuncia del peticionario la renuncia no había sido retirada y que al actuar así lo hizo en su carácter de Alcalde Interino, sucesor de todos los derechos y deberes del Alcalde propietario.

A la contestación se acompañaron la carta del peticionario al Alcalde Todd, la del Alcalde Todd al peticionario y la del demandado al peticionario.

Dichas cartas, que constituyen toda la prueba a considerar en este caso, copiadas a la letra, dicen:

"Septiembre 3, 1929.—Hon. R. H. Todd, Alcalde, San Juan. Honorable Señor:—Siendo el cargo que desempeño en este Gobierno Municipal un cargo político, y debiéndolo, en primer término, a la designación de usted, no deseo desempeñarlo ni por un solo momento después que las diferencias políticas puedan traerle a usted alguna dificultad si yo sigo en el desempeño del mismo. En previsión de que este momento pueda llegar por la inquietud política que en estos días agita a nuestro país, pongo en sus manos la renuncia de mi cargo para tener efecto inmediatamente que a su juicio crea conveniente aceptarla.

"En el deslinde que ahora se efectúa en los campos políticos, yo estoy y quiero estar en el de la Alianza Puertorriqueña que en los días 31 de agosto y siguientes del corriente año celebró en Mayagüez una Asamblea soberana extraordinaria.

"Deseo expresar a usted mi gratitud personal por las distinciones y consideraciones de que he sido objeto a su lado, y por el honor inicial que se me confirió por usted al designarme para este cargo en enero de 1929. — Muy respetuosamente, (firmado) E. Fernández Vanga, Director Escolar."

"Septiembre 3, 1929.—Hon. Epifanio Fernández Vanga, Director Escolar de San Juan, San Juan, P. R.—Mi honorable amigo:—Acuso recibo a su carta de hoy, presentándome la renuncia de su cargo de Director Escolar de San Juan, para tener efecto inmediatamente que a mi juicio, dada la situación política actual, crea conveniente aceptarla.

"Después de las declaraciones que yo he hecho en relación con esa misma situación política actual, no considero suficientes las argumentaciones que en su carta usted me expone, para la aceptación de tal renuncia, mientras no hayan fuerzas más poderosas que me obliguen a ello. Por estas razones no hago más que acusar recibo a su comunicación, sin resolución alguna en cuanto a su motivo.

"Aprovecho esta oportunidad, en correspondencia a las adhesiones de amistad que en la misma usted me hace, para testimoniarle que, en cualesquiera circunstancias que este maremagnum político actual nos coloque, más cerca o más lejos, tendré siempre de usted el más alto concepto como caballero y como amigo y me complaceré siempre en cultivar su sincera amistad.—Quedo de usted, su cordial y afmo. amigo, (firmado) R. H. Todd, Alcalde de San Juan."

"Octubre 5, 1929.—Sr. D. Epifanio Fernández Vanga, Director Escolar de San Juan, San Juan, P. R.—Señor:—En vísperas de su viaje a Estados Unidos, el Hon. Roberto H. Todd, Alcalde propietario de esta Municipalidad, delegó a mi discreción administrativa, como sucesor de él en esta Alcaldía, la facultad de discernir definitivamente, entre otros asuntos, la cuestión planteada por usted en carta de septiembre 3 del año en curso, sobre la dirección del Departamento Escolar que usted preside.

"Decía el Sr. Todd, en contestación a su carta ameritada, lo siguiente:

" 'Después de las declaraciones que yo he hecho, en relación con esa misma situación política actual, no considero suficientes las argumentaciones que en su carta usted me expresa, para la aceptación de tal renuncia, mientras no hayan fuerzas más poderosas que me obliguen a ello. Por estas razones, no hago más que acusar recibo a su comunicación, sin resolución alguna, en cuanto a su motivo.'

"La Hon. Asamblea Municipal en su sesión de anoche, 3 de oct. corriente, tomó el siguiente acuerdo:

" 'Que enterada como está esta Asamblea de la renuncia presentada con fecha 3 de septiembre del año actual por el Director Escolar de este Municipio, Hon. Epifanio Fernández Vanga, al Alcalde propietario de San Juan, declara que el Alcalde del Municipio debe

aceptar la renuncia mencionada por existir una abierta y manifiesta incompatibilidad entre el mencionado Director Escolar y los mejores intereses de esta Administración local.'

"El éxito de todo Gobierno, de toda administración, ha de estribar necesariamente, imperiosamente, en la cooperación y armonía que reinen entre las distintas ramas de ese Gobierno. La rama Legislativa Municipal de San Juan declara en su acuerdo que no existe tal armonía entre el Director Escolar y el resto de la administración local, imposibilitando esto toda labor constructiva en bien de los intereses públicos que nos han sido confiados. Usted, con su clara inteligencia, en su carta al Sr. Todd, no hizo más que poner de manifiesto una situación que ya había surgido, en algunos aspectos, pero que ahora se ha agudizado de tal suerte, que la considero fuerza poderosa para verme precisado a aceptarle la renuncia que dejó pendiente mi antecesor el señor Todd.

"Huelga manifestar a Ud. el sentimiento que me causa verme desligado de sus servicios personales como Director Escolar de San Juan, y, con el testimonio de mi consideración más distinguida, me es muy grato suscribirme de usted, muy atentamente, (firmado) Dr. M. Pavía Fernández, Alcalde, P. S."

De la exposición del caso consta lo que sigue:

"Juez.—La Corte ha oído hablar de prueba *aliunde,* pero nadie la ha presentado. Quiere la Corte saber si se va a someter el caso por completo con el *return.*

"Lic. Guzmán Benítez.—Lo sometemos todo.

"Juez.—Entonces la vista de este caso está terminada."

Consideradas las alegaciones y el *return,* la corte dictó sentencia declarando nula y sin ningún valor la actuación del demandado como Alcalde Sustituto en relación con la renuncia del peticionario del cargo de Director Escolar.

No conforme el demandado, apeló para ante esta Corte Suprema. Se han archivado amplios alegatos y los informes orales de los abogados de las partes fueron completos.

■ La decisión de este caso tal como fué planteado por el peticionario dentro del recurso de *certiorari,* depende del alcance de las tres cartas que dejamos transcritas.

Examinando la primera, resalta la exquisita corrección con que procedió el peticionario. Sostiene que el cargo de

Director Escolar que desempeñaba era político, que lo debía, en primer término, a la designación de Todd y que no deseaba desempeñarlo ni por un solo momento después que las diferencias políticas surgidas pudieran traerle alguna dificultad. En previsión de que ese momento pudiera llegar, ponía en sus manos la renuncia de su cargo "para tener efecto inmediatamente que a su juicio crea conveniente aceptarla." Hace resaltar con claridad el hecho de que continúa en el campo de la "Alianza Puertorriqueña."

No hay duda alguna que la carta revela relaciones personales firmes, no obstante las diferencias políticas surgidas, y plena confianza en la persona a quien se dirige, pero tampoco la hay que va dirigida oficialmente al Alcalde, al funcionario, y no al amigo particular.

¿Cuál fué la contestación? También revela estrechas relaciones y alto aprecio y distinción al funcionario y al hombre a quien se envía, pero va dirigida de igual modo al funcionario y firmada como funcionario. Es un documento oficial a todas luces. Expresa que después de las declaraciones hechas por Todd, Alcalde, en relación con la situación política de que habla Fernández Vanga, Director Escolar, no considera suficientes las argumentaciones de éste para la aceptación de su renuncia. Si aquí terminara, no habría cuestión, pero la carta continúa diciendo: "mientras no hayan fuerzas más poderosas que me obliguen a ello."

Lo que sigue es vago, a saber: "Por estas razones no hago más que acusar recibo a su comunicación, sin resolución alguna en cuanto a su motivo." El concepto sin resolución alguna en cuanto a su motivo es obscuro, quizá contradictorio con lo dicho anteriormente porque si algo parece resolver el Alcalde Todd es que las argumentaciones del Director Escolar Fernández Vanga para motivar su actitud, no eran suficientes. Pero el concepto no hago más que acusar recibo a su renuncia, entrelazado con lo dicho en el párrafo anterior a saber: "mientras no haya fuerzas

más poderosas . . . . .'', admite la interpretación de que la renuncia quedó pendiente.

En el tercer documento afirma de modo terminante el Alcalde sustituto Pavía que el Alcalde propietario Todd delegó a su discreción administrativa, como sucesor de él en la Alcaldía, la facultad de discernir definitivamente la cuestión planteada por la renuncia del Director Escolar.

Esa afirmación no está contradicha. Tenemos que partir de la base de que es enteramente cierta. Transcribimos la manifestación final hecha por el propio juez de distrito, porque ella coincide con nuestra propia natural impresión al terminar la lectura de la prueba a saber: ¿Y no hay más? Porque hubiera sido verdaderamente fácil traer a los autos la personal manifestación del Alcalde propietario Todd.

Colocados en este terreno es necesario resolver que si bien los hechos ocurrieron en forma tal que explican la actitud y hasta la convicción por parte del Director Escolar Fernández Vanga de que el asunto había quedado terminado, no lo estaba en verdad y el Alcalde Todd creyó oportuno usar de su juicio dejando encomendada la aceptación o no aceptación de la renuncia a la discreción de su sucesor, discreción que su sucesor ejercitó aceptándola.

No se ha citado por la parte apelada precepto de ley o jurisprudencia alguna que demuestren que el Alcalde Todd no pudo actuar en la forma en que lo hizo, según la carta del Alcalde Sustituto. El Director Escolar Fernández Vanga puso en sus manos su renuncia para tener efecto inmediatamente que a su juicio creyera conveniente aceptarla. Se entregó a él por completo, sin limitación alguna, y tiene ahora que aceptar las consecuencias de sus propios actos.

Hemos entrado en los méritos del asunto tales como surgen del récord, pero ni aun eso era necesario hacer ya que como dijimos en el caso de *Coll* v. *Todd,* 35 D.P.R. 625, y repetimos en el de *Rivera Aromí* v. *Asamblea Municipal,* 39 D.P.R. 80, el destituir a un funcionario, aun sin justa

causa, no cae dentro de las disposiciones de la Ley Municipal autorizando el ejercicio del auto de *certiorari.*

Por virtud de todo lo expuesto, *debe declararse con lugar el recurso establecido y en su consecuencia revocarse la sentencia apelada y dictarse otra desestimando la petición, sin especial condenación de costas.*