Marcos Puente, peticionario, *v.* Corte de Distrito de Ponce, Hon. Ramón A. Gadea Picó, Juez, demandada.

Núm. 1513.—*Sometido:* Marzo 25, 1943. *Resuelto:* Marzo 31, 1943.

*Felipe Colón Díaz*, abogado del peticionario.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Marcos Puente por su abogado solicita de esta Corte la expedición de un auto de *certiorari* dirigido a la de distrito de Ponce ordenándole que remita el expediente original en los pleitos 6791 y 6792 seguidos ante ella en contra suya por Lucindo López y Julio Pérez en cobro de salarios, para ser revisados, anulándose las sentencias dictadas en los mismos por la corte de distrito en tanto en cuanto lo fueron en exceso de su jurisdicción.

De dichos pleitos conoció la corte de distrito en grado de apelación. Se iniciaron en la Corte Municipal de Ponce.

En el primero o sea en el establecido por López se alegaron tres causas de acción. Por la primera se reclama el importe de 5,822 horas de trabajo en exceso de la jornada de ocho, en días laborables; por la segunda el de 117 domingos de trabajo, y por la tercera el sueldo de una mesada anticipada a la fecha de haberse despedido al peticionario sin previo aviso y sin causa. La sentencia se dictó por $2,527.64.

En el segundo o sea en el interpuesto por Pérez se alegaron dos causas de acción. Por la primera se reclamó el importe de 7,216 horas en exceso de la jornada de ocho, en días laborables, y por la segunda el de 104 domingos de trabajo. La sentencia se dictó por $1,699.06.

Sostiene el peticionario que en ambos adujo como defensas especiales que la corte municipal carecía de jurisdicción por razón de la materia—cuantía reclamada en exceso de quinientos dólares—, que las demandas no aducían hechos constitutivos de causa de acción y que la Ley núm. 49 de 1935 ((2) pág. 539) no era aplicable a las reclamaciones por estar basadas en causa ilícita, y que eso no obstante la corte

declaró las demandas con lugar, habiendo apelado de las sentencias dictadas para ante este Tribunal que desestimó los recursos por haberse entablado fuera del término legal. *Pérez* v. *Puente,* etc., ante, pág. 593.

Refiriéndose al recurso extraordinario que ahora establece sostiene que procede porque la corte de distrito actuó en exceso de su jurisdicción; porque sus sentencias consagran actos realizados por los demandantes contrarios a la ley y al orden público violando la sección primera de la Ley núm. 49 de 1935 que prohibe a toda persona trabajar más de ocho horas en un día natural; porque por ellas se condenó al pago de un tipo doble de jornal por horas trabajadas después de la novena cuando la ley sólo dispone el pago de la novena hora únicamente; porque conoció de los pleitos sin que se hubieran pagado los derechos que determina la Ley núm. 17 de 1915 (pág. 45), según enmendada, sin determinar los hechos, y porque los fines de la justicia requieren la expedición del auto.

Al estudiar la jurisprudencia lo más favorable que hemos podido encontrar para el peticionario lo ha sido en la nota al caso de *Wulzen* v. *Board of Supervisors,* 101 Cal. 15, que aparece en 40 Am. St. Rep. 28, 30, y en la nota al caso de *Duggen* v. *McGruder,* de Mississippi, que consta en 12 Am. Dec. 529, 531, a saber:

" . . . No puede el peticionario mantener su derecho al certiorari a base de que el tiempo que tuvo para apelar u obtener remedio ha expirado, a menos, quizá, cuando demuestre que su omisión de servirse del remedio que pudo haber seguido no se debió a negligencia o falta que le sea imputable [citándose un gran número de casos de Arkansas, West Virginia, California, Nevada, Iowa, Michigan y Washington]." 40 Am. St. Rep. 30.

" . . . Cuando la parte agraviada puede obtener remedio por apelación o por auto de error, no hay razón por la cual deba concedérsele el extraordinario de certiorari. . . Pueden existir, sin embargo, circunstancias especiales que apelen a la discreción de la corte con tal fuerza que la induzcan a conceder el remedio, aunque el peticionario hubiera una vez tenido a su disposición la apelación o el auto

de error. Así, si el derecho a apelar se ha perdido por el peticionario sin falta o negligencia de su parte, aún en algunas jurisdicciones podría obtener una revisión de su caso por medio del certiorari. [Citas.]

"... '... Pero si por una actuación de la corte, errónea u opresivamente producida, se negó la apelación; o, si por un acto negligente o malicioso del secretario, no se perfecciona; o, si por intervención o gestión de la parte contraria, se obtiene el mismo resultado; o, si por un accidente inevitable, o por la desgracia sin falta de la parte agraviada, se viera ésta impedida de obtener el beneficio de una segunda investigación de los hechos del caso por el medio prescrito de apelación, se recurre al certiorari como un sustituto para obtener el remedio. ...' *Perkins* v. *Hadley,* 4 Hayw. 143. ..." 12 Am. Dec. 531.

Empero, las circunstancias que concurren en este caso, por más esfuerzos que se hagan, no lo colocan dentro de las especialísimas que concurrieron en los indicados casos del continente que llevaron a sus cortes a expedir el recurso extraordinario de certiorari no obstante haberse perdido el ordinario de apelación.

La cuestión no es nueva en esta jurisdicción. Desde el año 1914 en el caso de *Montalvo* v. *Soto Nussa,* 20 D.P.R. 380, se resolvió, tomándolo del resumen, lo que sigue:

"Desestimada una apelación por culpa del apelante, no puede ejercitarse el recurso extraordinario de *certiorari* para revisar los procedimientos en los cuales se dictó la sentencia apelada."

*Por virtud de todo lo expuesto, debe declararse no haber lugar a expedir el auto que se solicita.*