SERGIO S. PEÑA ALMODÓVAR, querellante y apelante, *v.* RAFAEL TORRECH, JR., ALCALDE DEL MUNICIPIO DE BAYAMÓN, querellado y apelado.

Núm. 9506.—*Sometido:* Noviembre 7, 1947. *Resuelto:* Diciembre 12, 1947.

*Gilberto Concepción de Gracia* y *José L. Feliú Pesquera,* abogados del apelante; *José R. Fournier,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Con fecha 30 de enero del año en curso la Corte de Distrito de Bayamón anuló el auto de *certiorari* por ella expedido contra Rafael Torrech, Jr., en su carácter de Alcalde del Municipio de Bayamón.

El peticionario alega en apelación que dicha corte cometió error (1) al "sostener que hasta tanto la Asamblea Municipal de Bayamón actúe rechazando o confirmando un nombramiento, el alcalde tiene poder para retirar, dejar sin efecto o anular cualquier nombramiento hecho por él y al afirmar que esta facultad no está limitada por lo dispuesto en el artículo 28 de la Ley Municipal vigente", y (2) al "imponer el pago de costas al querellante."

De los autos surge que en 27 de agosto de 1946 el querellado designó al Dr. Sergio S. Peña Almodóvar para el cargo de Director de Beneficencia del Municipio de Bayamón, que el nombramiento comenzó a regir el mismo día, y que en 18 de noviembre siguiente se dirigió el recurrido al Dr. Peña indicándole que "no habiendo la Hon. Asamblea Municipal de Bayamón confirmado su nombramiento a esta fecha, el mismo es de carácter de receso, lo que me faculta por ley a retirarlo en cualquier momento, por lo cual dejo sin efecto dicho nombramiento . . . . . ."

No asiste la razón al peticionario. Provee el artículo 28 de la Ley núm. 53 de 28 de abril de 1928 (pág. 335), según

fué enmendado por la Ley núm. 253 de 1 de abril de 1946 (págs. 505, 515), que el Director de Beneficencia es uno de los funcionarios administrativos municipales y que "El Alcalde podrá nombrar los funcionarios administrativos cuando la Asamblea Municipal no estuviere en sesión, y dichos funcionarios desempeñarán sus cargos hasta que se reúna la Asamblea Municipal en sesión ordinaria o extraordinaria y confirme sus nombramientos."

La facultad de designar los funcionarios que junto a él asumen las responsabilidades del gobierno que dirige es una de las más altas prerrogativas concedidas al alcalde, y si bien bajo el precepto estatutario ya copiado él es la persona autorizada para nombrar a los funcionarios administrativos municipales, sin embargo, cuando al hacerse una nominación, como ocurre en este caso, la Asamblea Municipal no está en sesión, el funcionario designado desempeñará su cargo hasta que la Asamblea actúe. La nominación por el alcalde es tan sólo el paso inicial y la designación queda consumada cuando la misma es confirmada por la Asamblea y el nombramiento es extendido por el alcalde.[1] Una nominación de esa naturaleza ha sido siempre calificada como un nombramiento de receso. Y es principio generalmente conocido que un nombramiento de receso antes de ser confirmado por el cuerpo legislativo llamado a actuar en relación con el mismo puede ser retirado en cualquier momento por el poder nominador. Tan palmaria nos parece la cuestión que consideramos innecesario citar jurisprudencia en apoyo de nuestro aserto. La situación es enteramente análoga a aquélla que surge cuando estando la Asamblea Legislativa en receso el Gobernador hace un nombramiento que requiere el consejo y consentimiento del Senado. *Broadwater* v. *Booth,* 180 S.E. (W.Va.) 180, 181. Bajo estas circunstancias, es indiscutible que el alcalde recurrido podía retirar la nominación hecha a favor del peticionario.

---

[1] Véanse *Brumby* v. *Boyd,* 66 S.W. (Tex.) 874, 877; McQuillin, *Municipal Corporations,* vol. 2, revisado, segunda edición, sección 484, pág. 175.

■ Tanto en la corte inferior como ante este Tribunal el apelado ha insistido en que el recurso instado por el Dr. Peña ha debido ser desestimado, ya que no procede el auto de certiorari para revisar la actuación de un alcalde al separar de su cargo a un funcionario municipal. No conocemos en verdad ninguna ley o precepto estatutario que autorice el recurso de certiorari para revisar semejante actuación de un ejecutivo municipal. Reiteradamente este Tribunal ha decidido lo contrario. *Fernández Vanga* v. *Pavía,* 42 D.P.R. 768, y casos citados a la página 774.([2]) Sobre este particular dispone el artículo 29 de la Ley Municipal, según fué enmendado por la Ley núm. 288 de 9 de abril de 1946 (págs. 675, 679) que *"Los funcionarios administrativos y empleados municipales sólo podrán ser removidos de sus puestos por el alcalde, y de esta decisión podrán apelar* en un solo efecto, el funcionario o empleado perjudicado *para ante la corte de distrito correspondiente, . . . . . . y de la sentencia que dictare la corte de distrito* resolviendo las cuestiones planteadas, *no podrá apelar ninguna de las partes."* (Bastardillas nuestras.) Siendo ello así, el auto de certiorari no debió ser librado por la corte inferior.

■■ Ahora bien, en lo que concierne al segundo error señalado, la cuestión es tan clara que apenas requiere comentarios. Bastará que repitamos lo dicho sobre el particular en *Colón* v. *Asociación Cooperativa Lafayette,* ante, págs. 271, 272, a saber: "A partir de la vigencia de la Ley núm. 94 de 11 de mayo de 1937 (pág. 239), la imposición de costas contra la parte perdidosa es imperativa." El peticionario parece haber confundido la condena al pago de honorarios de abogado con la imposición de costas. Para los primeros se requiere que haya habido temeridad. No así para la condena en costas.

*Debe confirmarse la sentencia apelada.*

---

([2])*Cf. Peña* v. *Flores,* 58 D.P.R. 772.