Luisa Martínez González, peticionaria, *v.* Josefina N. Vda. de Morales, Secretaria Interina del Tribunal de Distrito de Puerto Rico, Sección de San Juan, demandada.

Núm. 447.—*Sometido:* Diciembre 4, 1950.  *Resuelto:* Febrero 21, 1951.

*Luis Blanco Lugo,* abogado de la peticionaria; *Hon. Procurador General Víctor Gutiérrez Franqui (Vicente Géigel Polanco, Ex Procurador General,* en el alegato) y *Edgar S. Belaval, Procurador General Auxiliar,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Ésta es una petición de *mandamus* radicada ante este Tribunal en la cual se solicita que decidamos (1) si el procedimiento provisto en las Reglas de Enjuiciamiento Civil y no el de la Ley de Mandamus es de aplicación en un recurso de esta naturaleza y (2) si un demandado a quien se emplaza fuera de los límites territoriales de la Sección del Tribunal de Distrito ante la cual se radica una demanda, tiene diez o veinte días para alegar.

La peticionaria radicó una demanda de divorcio ante el Tribunal de Distrito, Sección de San Juan.   El demandado

fué emplazado personalmente por el márshal de la Sección de Guayama del Tribunal de Distrito en octubre 14, 1950. En octubre 30 la demandante solicitó de la Secretaria Interina que anotara la rebeldía del demandado por el fundamento de que éste no había comparecido dentro de diez días después de haber sido emplazado. Esta solicitud fué denegada bajo la teoría de que el demandado tenía derecho a un término de veinte días, los cuales no habían transcurrido. El Tribunal de Distrito denegó la solicitud de la demandante para que instruyera a la Secretaria Interina que anotara la rebeldía. Expedimos auto alternativo de mandamus requiriendo a la Secretaria Interina que anotara la rebeldía o compareciera a mostrar causas por las cuales no debía hacerlo, según se dispone en la Ley de Mandamus, artículo 653, Código de Enjuiciamiento Civil, ed. 1933.

El Procurador General, en representación de la Secretaria Interina, sostiene primeramente que carecemos de jurisdicción. Señala que la Regla 81 de las de Enjuiciamiento Civil dispone que éstas se aplicarán al mandamus, y que la Regla 4 requiere un emplazamiento en todos los casos. (¹) Esto significa, de acuerdo con el Procurador General, que las disposiciones de la Ley de Mandamus para la expedición de un auto alternativo con orden para mostrar causa ha sido suplantada por el requerimiento de la Regla 4 para un emplazamiento. Y como en este caso expedimos un auto alternativo y la Secretaria Interina no había sido emplazada, el Procurador General sostiene que carecemos de jurisdicción.

No podemos escapar de esta contención del Procurador General. Al proveer en la Regla 81 que las Reglas serán aplicables al mandamus, hicimos que la Regla 4 fuera aplicable a tales casos. Esto significa que el auto alternativo ya no existe aquí. Por el contrario, el demandado es traído a corte mediante un emplazamiento y está obligado a alegar de conformidad con las Reglas. En cuanto a este extremo, el

---

(¹) Las Reglas son aplicables a casos radicados originalmente en este Tribunal. *Archilla* v. *Tugwell, Gobernador,* 63 D.P.R. 413, 426–7.

carácter sumario del mandamus según lo estableció la Ley de Mandamus ha desaparecido. Véanse *Rivera* v. *Cancel*, 68 D. P. R. 365; *Rivera* v. *Hernández*, 70 D.P.R. 549, 552. Pero escasamente tenemos que añadir que las Reglas también disponen tramitación rápida. Por lo tanto, nuestros tribunales deberán estar alertas para aplicar las Reglas de tal manera que los casos de mandamus tengan rápida resolución, bien concediendo o negando el auto de mandamus.

■ Antes de abandonar este punto, creemos propio discutir dos cuestiones que fueron levantadas durante la vista oral. Dispusimos en la Regla 2 que "Habrá una sola forma de acción que se conocerá como 'acción civil' ". Convenimos, como señaló el peticionario durante la vista oral, que la Regla 2 de las Federales, de la cual procede la nuestra, fué redactada primordialmente para abolir la diferencia entre pleitos en ley y en equidad. 1 Moore's *Federal Practice*, pág. 105 *et seq.* Y esta distinción nunca ha existido en esta jurisdicción. Pero tanto nuestra Regla 2 como la número 2 Federal tienen el efecto de proveer un procedimiento uniforme para todos los pleitos en que son aplicables, ya fueren éstos anteriormente conocidos como ordinarios o extraordinarios. Como cuestión de hecho, el auto de mandamus, si bien juega un papel mucho más limitado en el sistema federal que en el nuestro, fué abolido por la Regla Federal 81(*b*), con el disponiéndose de que el remedio que otorgaba el mandamus podría obtenerse mediante la acción adecuada o la moción apropiada bajo la práctica prescrita por las Reglas Federales. 3 Moore, supra, págs. 3427–28. De cualquier modo, nuestras Reglas no han abolido el auto de mandamus. Por el contrario, la Regla 81 expresamente las hace aplicables al mandamus y bajo la Regla 2 es sencillamente una "acción civil" como cualesquiera otros pleitos. Pero como ya se ha indicado, nuestras Reglas tienen por miras que se actúe rápidamente al expedirse un auto de mandamus, cuando los hechos justifican su expedición.

■■ La segunda cuestión suscitada en la vista oral fué que bajo el artículo 48 del Acta Orgánica, 48 U.S.C. sec. 872,

las Reglas no podían válidamente cambiar las disposiciones de la Ley de Mandamus. El artículo 48 provee en parte que las cortes de distrito de Puerto Rico "podrán conceder autos de mandamus en todos los casos oportunos." En primer lugar, esta parte del artículo 48 sólo se aplica a las cortes de distrito, y no a un procedimiento original ante este Tribunal. Pero es más importante indicar que el artículo 48 guarda silencio en cuanto al procedimiento a usarse al expedir autos de mandamus. Tampoco el artículo 48 exige que el auto alternativo sea parte del procedimiento. En su consecuencia, no hemos infringido el artículo 48 con las Reglas, que conservan el auto de mandamus con un procedimiento sustituto que, si se administra como es debido, puede ser tan rápido como el de la Ley de Mandamus.

■■ En vista de lo anteriormente expuesto, técnicamente no tenemos jurisdicción hasta que la Secretaria Interina sea emplazada de conformidad con la Regla 4. Sin embargo, antes de argumentarse el caso en sus méritos, la peticionaria radicó una moción solicitando (1) que dejáramos sin efecto nuestra resolución expidiendo el auto alternativo y (2) que ordenásemos la expedición de un emplazamiento a la Secretaria Interina. Cometimos error al declarar sin lugar esta moción. Y las partes han argumentado ampliamente el caso en sus méritos. Bajo estas circunstancias, en vista de lo importante que es dejar resuelta la cuestión lo antes posible, procederemos a discutir el punto de si el demandado en el caso de divorcio tiene derecho a un término de diez o veinte días para alegar.

En virtud de los arts. 2, 3, 24 y 36 de la Ley núm. 432, Leyes de Puerto Rico, 1950 ((1) pág. 1127), Puerto Rico se convirtió en un solo distrito judicial, con un Tribunal de Distrito, con jurisdicción sobre toda la isla. Véase *Figueroa* v. *Tribunal de Distrito de Puerto Rico*, ante, pág. 24. Antes de la aprobación de la Ley núm. 432, tanto la Regla 12 (*a*) como el artículo 89, inciso 3, del Código de Enjuiciamiento Civil, disponían que el demandado debía radicar ale-

gación dentro de diez días luego de haber sido emplazado, si era emplazado dentro del distrito en que se entablaba la acción, y dentro de veinte días si era emplazado fuera de dicho distrito pero dentro de la isla de Puerto Rico.   Pero de los citados artículos de la Ley núm. 432 surge claramente que las disposiciones en cuanto a los veinte días de la Regla 12 (*a*) y del artículo 89, inciso 3, son ahora superfluas, toda vez que ya no es posible ser emplazado fuera del distrito pero dentro de la isla de Puerto Rico.   Debido al hecho de que ahora el emplazamiento en cualquier parte de Puerto Rico se hace dentro del distrito, el demandado sólo tiene diez días después de emplazado para hacer su alegación.   La Secretaria Interina, por consiguiente, cometió error al negarse a anotar la rebeldía del demandado en el caso de divorcio.   Sin embargo, como la Secretaria Interina nunca fué emplazada debidamente, técnicamente no tenemos jurisdicción para expedir un auto de mandamus contra ella.

*Por los motivos antes expuestos, se dejará sin efecto el auto alternativo de mandamus.*