ERNESTO COLÓN LÓPEZ, peticionario y apelante, *v.* COMISIÓN DE LA POLICÍA INSULAR, compuesta por ANTONIO MIRÓ SOJO, como Presidente y FRANCISCO CASTAGNET y ENRIQUE CÓRDOVA DÍAZ, como miembros asociados, demandados y apelados.

Núm. 10460.—*Sometido:* Diciembre 3, 1951. *Resuelto:* Diciembre 12, 1951.

*Manuel García Cabrera* y *Luis F. Cuyar Gatell*, abogados del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui, José Antonio Arabía* y *Edgar S. Belaval, Procuradores Generales Auxiliares*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la petición de *mandamus* radicada por Ernesto Colón López en 24 de enero de 1950 contra la Comisión de la Policía Insular se alega sustancialmente que el peticionario fué empleado de la Policía Insular de Puerto Rico durante ocho

años, habiendo desempeñado durante los últimos dos el cargo de Experto en Huellas Digitales; que en 22 de junio de 1949 se le sirvió una comunicación oficial, suscrita por el Jefe Auxiliar y Ayudante de la Policía Insular, en la cual se le informaba que la Comisión había acordado retirarle de la fuerza sin derecho a pensión "ya que la enfermedad de que padece no ha sido contraída en el desempeño de sus funciones oficiales como miembro de la Policía Insular", informándosele asimismo que su retiro de la fuerza sería efectivo el 26 de agosto de 1949; que el peticionario jamás ha padecido de enfermedad alguna que lo incapacite para el desempeño de sus funciones como empleado de la policía, ni fué examinado por el médico de la Policía Insular con anterioridad a ser involuntariamente separado del cargo que ocupaba; que en 9 de septiembre de 1949 se dirigió a la Comisión de la Policía requiriendo se le informaran los pormenores del procedimiento que culminó en su separación, habiéndole contestado el Presidente de la misma el 27 del referido mes que su separación fué hecha luego de haber sido el peticionario examinado por el Dr. Arnaldo Palmer López, médico de la Comisión de la Policía Insular, que él no fué oído por la Comisión debido a que la ley no establece este hecho en los procedimientos de licenciamiento por imposibilidad y que su separación tuvo lugar de acuerdo con las disposiciones contenidas en la sección 4 de la Ley núm. 70 de 1931 (pág. 435), según fué enmendada por la Ley núm. 71 de 1942 ((1) pág. 603); que en 7 de octubre de 1949 el peticionario solicitó formalmente de la Comisión que le reinstalara en el cargo de Experto en Huellas Digitales de la Policía Insular y que se le pagaran los sueldos que debió percibir desde el 26 de agosto de 1949 hasta el día que se le repusiera en el cargo mencionado; que en 14 del mismo mes la Comisión de la Policía, por conducto de su Presidente cursó una comunicación al peticionario denegando formalmente su solicitud de reinstalación, acompañada de copia del informe rendido a la Comisión por su médico; que el peticionario apeló en 29 de noviembre de 1949 para ante el

Gobernador de Puerto Rico y éste en 9 de diciembre del mismo año confirmó la resolución apelada. Solicita se expida un auto de mandamus dirigido al Presidente y miembros asociados de la Comisión de la Policía Insular, ordenándoles reinstalen al peticionario en su referido cargo y asimismo que le paguen el importe de su sueldo desde el 26 de agosto de 1949.

La querella solicitó se desestimara la petición, fundada en que la misma no aduce hechos constitutivos de una causa de acción y en que la corte carece de jurisdicción para conocer del recurso. El tribunal inferior concluyó que "existiendo un procedimiento de revisión especial establecido por la ley es obvio que el recurso de mandamus no procede", y no siendo a su juicio la demanda susceptible de enmienda dictó sentencia declarando sin lugar la misma, con costas.

Por la Ley núm. 122 de 15 de mayo de 1936 (pág. 953), se creó bajo la Autoridad de la Comisión de la Policía Insular y la supervisión del Jefe de la Policía Insular de Puerto Rico, un Negociado de Identificación e Investigación Criminal. Enmendada esa ley por la núm. 118 de 1º de mayo de 1940 (pág. 723), se hizo constar en su sección 2 que: "El personal de este Negociado cumplirá con todo lo dispuesto por el Reglamento de la Policía Insular y tendrá los mismos deberes, derechos, prerrogativas y consideración que los miembros del Cuerpo de la Policía Insular de Puerto Rico, ..." haciéndose constar además en dicha sección que el personal de ese Negociado se compondrá en total, entre otros, de nueve Expertos en Huellas Digitales. [1]

Como por la sección citada el personal del Negociado de Identificación e Investigación Criminal a que pertenecía el peticionario tendrá los mismos deberes, derechos, prerrogativas y consideración que los miembros del Cuerpo de la Policía, cuanto diga la ley a que hacemos mención en el siguiente párrafo acerca de éstos es de aplicación a aquéllos.

---

[1] Véanse los incisos (d), (e), (f), (g) y (h) de la sección 2 de la Ley núm. 118, supra.

Veamos, pues, en seguida cuáles son los derechos, etc., del peticionario en lo que al caso ante nuestra consideración respecta.

 Por la sección 1 de la Ley núm. 150 de 9 de mayo de 1938 (pág. 343), se dispuso que la sección 9 de la "Ley Disponiendo la Organización, Reglamentación y Gobierno de la Policía Insular de Puerto Rico", aprobada el 12 de marzo de 1908 quedara enmendada de modo que leyera en lo aquí pertinente en la siguiente forma: "Todos los licenciamientos, separaciones y degradaciones de sargentos, cabos y guardias, se harán por la Comisión de la Policía Insular, cuando a su juicio las circunstancias lo justificaren, pero contra la resolución que a tal efecto adoptare la Comisión de la Policía Insular, podrán los perjudicados acudir en alzada ante el Gobernador, quien podrá revocar o confirmar dicha resolución; *Disponiéndose* que el oficial, clase o policía podrá instar contra la decisión así confirmada por el gobernador de Puerto Rico procedimiento de certiorari para ante la corte de distrito del distrito judicial en que se hubieren originado los hechos motivo de los cargos. El término para revisar la decisión se fija en treinta días, desde la fecha en que se notifique al interesado de la confirmación dictada por el gobernador de Puerto Rico. El cumplimiento del término de alistamiento o incapacidad física, constituirán motivos para un licenciamiento honroso. ..."

No dispone esa sección el término dentro del cual un perjudicado puede acudir en alzada ante el Gobernador de Puerto Rico contra las resoluciones adoptadas por la Comisión de la Policía Insular. Empero, sí provee de manera clara y terminante que en casos de esta índole una vez confirmada por el *Gobernador de Puerto Rico* la resolución de la Comisión de la Policía el perjudicado puede acudir con un "procedimiento de certiorari para ante la corte de distrito del distrito judicial en que se hubieren originado los hechos motivo de los cargos" y que "el término para revisar la decisión se fija

en treinta días, desde la fecha en que se notifique al interesado de la confirmación dictada por el Gobernador de Puerto Rico".

El peticionario no acudió dentro del término establecido por la ley con el recurso de certiorari especial indicado ante el tribunal de distrito de Puerto Rico. Lejos de hacerlo así dejó expirar el aludido término de treinta días—con lo cual aparentemente consintió a la actuación del Gobernador—y fué después de vencido dicho período que acudió ante el tribunal inferior con el recurso de mandamus que ahora nos concierne. Tal cosa no podía hacerse. La ley especial sobre la materia daba al querellante un remedio claro, y no se acogió al mismo. El de mandamus es un auto altamente privilegiado(2) y, conforme dijimos en el caso de *Pueblo* v. *Arrillaga*, 30 D.P.R. 952, 961, el objeto del mismo "no es reemplazar remedios legales sino suplir la falta de ellos". Cf. *Peña* v. *Torrech*, 67 D.P.R. 899, 902; *Puente* v. *Corte*, 61 D.P.R. 674; *Peña* v. *Flores*, 58 D.P.R. 772 y *Giménez* v. *Corte*, 9 D.P.R. 296. El permitir que una persona, a quien como en este caso una ley especial le concede el remedio legal de certiorari dentro de determinado período de tiempo, se cruce de brazos, deje transcurrir el término estatutario y utilice, una vez expirado dicho término, el recurso extraordinario y privilegiado de mandamus, sería subvertir los procedimientos y permitir que indirectamente esa persona lograra lo que no pudo o no quiso lograr ajustándose a los procedimientos establecidos por el estatuto especial que rige la materia. El fin del mandamus solicitado por el peticionario no era otro que revisar los procedimientos habidos ante la Comisión de la Policía Insular y la decisión del Gobernador de Puerto Rico y tratar de lograr en definitva su reinstalación en el cuerpo de la Policía. Para ello la ley le otorgaba el remedio de certiorari especial, y no habiéndose acogido al mismo el recurso de mandamus no procede.

*Debe confirmarse la sentencia apelada.*

(2) Véase la Ley Estableciendo el auto de Mandamus. Artículos 649 y siguientes del Código de Enjuiciamiento Civil, ed. de 1933.