BUENAVENTURA ROSARIO, demandante y apelado, *v.* ANTONIO MIRÓ SOJO, ENRIQUE CÓRDOVA DÍAZ y FRANCISCO CASTAGNET, miembros de la Comisión de la Policía Insular de Puerto Rico, demandados y apelantes.

Número 10664.

*Sometido:* 1 de octubre de 1952. *Resuelto:* 10 de febrero de 1953.

354

*Hon. Procurador General Víctor Gutiérrez Franqui y Edgar S. Belaval, Procurador General Auxiliar,* abogados de los apelantes; *Manuel Orraca Torres y Guillermo S. Pierluisi,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Buenaventaura Rosario radicó en la sección de San Juan del antiguo Tribunal de Distrito de Puerto Rico una petición

de *mandamus* contra los miembros de la Comisión de la Policía Insular de Puerto Rico y contra el Gobernador de Puerto Rico solicitando que se le repusiera en el cargo de teniente primero de la policía insular, solicitando además que se le pagaran los sueldos devengados y no recibidos desde la fecha en que debió ser repuesto en tal cargo hasta la fecha en que fuera finalmente repuesto. Los hechos incontrovertidos son los siguientes.

El día 9 de diciembre de 1947 la Comisión de la Policía Insular aprobó el retiro del demandante por incapacidad física de su cargo de jefe de distrito, en virtud de una certificación del médico de la policía insular. Posteriormente, después de un nuevo examen físico, se determinó que había cesado la incapacidad física del demandante y la comisión ordenó su reingreso en el cuerpo de la policía con el rango de guardia. Después de diversas gestiones hechas por el demandante la comisión aprobó la reposición del demandante, el 21 de junio de 1949, como jefe de distrito pero luego dejó sin efecto ese acuerdo y no ha vuelto a reponer al demandante. El 16 de abril de 1949 y el 22 de abril del mismo año surgieron vacantes de teniente primero y en ambas ocasiones fueron nombradas otras personas para cubrir dichas vacantes. Al radicarse una solicitud enmendada de mandamus en este caso habían surgido otras vacantes que estaban pendientes de ser cubiertas. Después de su retiro, y antes del nuevo examen físico que había determinado el cese de la incapacidad física del demandante, o sea, el día 14 de abril de 1948, el demandante solicitó de la Asociación, Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico que le fuera concedido su seguro por incapacidad física permanente y el día 24 de junio de 1948 dicha asociación le contestó al demandante que su petición del seguro había sido aprobada por la suma de $1,429 y sería pagada en noviembre de 1953; se le informó igualmente que tenía derecho a anticipos en forma de préstamos equivalente al 60 por ciento y al 20 por ciento del montante de su póliza. El día 28 de junio

de 1948 el demandante radicó dos solicitudes de anticipos por las cantidades de $857 y $285, garantizadas ambas solicitudes por dos fiadores. El demandante obtuvo esos anticipos con cargo a su póliza de inutilidad física.

A base de esos hechos la sección de San Juan del anterior Tribunal de Distrito de Puerto Rico declaró con lugar la demanda y expidió un auto perentorio de mandamus ordenando a la comisión que extendiese nombramiento de teniente primero al demandante y que le pagase su sueldo como tal desde el día 1 de diciembre de 1949, fecha en que se produjo la vacante existente al radicarse la solicitud enmendada de mandamus. Los demandados han apelado para ante nos y han señalado los siguientes errores:

"1. Erró el Tribunal de Distrito al resolver que la sección 20 de la Ley núm. 52 de 1921, según enmendada, ha sido derogada por la Ley núm. 447 de 1951.

"2. Erró el Tribunal de Distrito al no resolver que el demandante no podía ser repuesto por haberse acogido al seguro por incapacidad física.

"3. Erró el Tribunal de Distrito al no declarar sin lugar la solicitud por no haber plaza vacante.

"4. Erró el Tribunal de Distrito al ordenar el pago de sueldos atrasados al demandante."

■ En primer término, es conveniente señalar, en lo relativo al remedio de mandamus invocado por el demandante, que en el caso de *Colón v. Com. Policía Insular*, 72 D.P.R. 892 se resolvió que contra la decisión del Gobernador confirmando una resolución de la Comisión de la Policía Insular separando del cuerpo de la policía a uno de sus miembros el perjudicado tiene solamente el remedio de *certiorari* especial que le otorga el artículo 9 de la Ley de marzo 12 de 1908 (pág. 136), según fué enmendado por la Ley núm. 150 de 1938 ((1) pág. 343). En ese caso el peticionario había radicado una petición de mandamus y este Tribunal resolvió que no procedía tal recurso. Sin embargo, el caso citado de *Colón v. Com. Policía Insular*, supra, no es aplicable a las circunstancias de este caso. La

sección 9 de la Ley Disponiendo la Organización, Reglamentación y Gobierno de la Policía Insular de Puerto Rico, según enmendada por la Ley núm. 150 de 9 de mayo de 1938 concede el remedio de certiorari contra una decisión del Gobernador de Puerto Rico confirmatoria de una resolución de la Comisión cuando se trate de licenciamientos, separaciones y degradaciones de sargentos, cabos y guardias. En el caso de autos está envuelta la negativa a reponer en su cargo anterior a un jefe de distrito de la policía, hoy teniente primero. Este caso no envuelve un licenciamiento, separación o degradación de un sargento, cabo o guardia y, por lo tanto, no es aplicable la ya citada disposición estatutaria. Además, la totalidad de la sección 9 se refiere a un procedimiento de formulación de cargos ante la Comisión que culmina en una separación o degradación, después de una vista ante la Comisión, no siendo esa la situación envuelta en el caso de autos.

██ Considerando los méritos de la petición de mandamus, la sección 27 de la ley ya citada de organización de la policía insular, enmendada por la Ley 46 aprobada el 15 de julio de 1925 (pág. 263), dispone, en parte, lo siguiente:

"La comisión dispondrá el licenciamiento de cualquiera persona que llegare a estar físicamente incapacitada, una vez acreditada dicha incapacidad por prescripción facultativa, o que hubiere sido convicta de delito grave ante un tribunal competente; *Disponiéndose,* que cuando la incapacidad fuere temporal, en cualquier momento en que cesare dicha incapacidad, previa certificación facultativa, el miembro de la policía que hubiere sido licenciado tendrá derecho a ingresar nuevamente en el cuerpo, si así lo solicitare."

La sección 20 (*d*) de la Ley 52 de 11 de julio de 1921 (pág. 375), según fué enmendada por la Ley núm. 189 de 11 de mayo de 1942 ((1) pág. 963), se refiere al seguro por muerte y por inutilidad física de los miembros de la Asociación, Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico, y dispone, en parte, lo siguiente:

"(*d*) Y el ochenta y cinco (85) por ciento o remanente se aplicará en cada caso a satisfacer el seguro por inutilidad o por muerte por riguroso turno; *Disponiéndose, sin embargo,* que el diez (10) por ciento a que se hace mención en el apartado (*c*) de esta sección, podrá ser aumentado por resolución fundada de la Junta de Directores, siempre que para ello estuviere justificado, con el propósito de impedir que se acumulen casos pendientes de liquidación, o disminuído cuando la cantidad en dicho fondo se considerare suficiente para liquidar los casos en exceso que puedan surgir en un período razonable de tiempo a discreción de la junta; *Disponiéndose, además,* que en caso de que ocurran más de cuatro defunciones o casos de inutilidad en un solo mes, se pagarán éstas en la forma expresada en el apartado (*c*) o en su defecto, si esto no fuere posible, en los meses subsiguientes por el orden en que hayan ocurrido los fallecimientos o inutilidades; *Disponiéndose, también,* que la Junta de Directores queda por la presente facultada para conceder *préstamos* a los socios inutilizados y a los beneficiarios de los socios que fallecieren, cuando éstos tuvieren que hacer turnos por un período mayor de dos meses para cobrar el importe del seguro correspondiente, por un plazo no mayor de la fecha en que corresponda al asociado o a sus beneficiarios percibir el importe total del seguro y su cuantía no excederá de un sesenta (60) por ciento de la cantidad que por concepto de seguro habrá de corresponderle, tomando como base el montante del último seguro satisfecho por inutilidad o muerte. Estos *anticipos* se harán previa solicitud escrita de la parte interesada, en un modelo especial impreso, que al efecto proveerá la Asociación y cuando fueren dos o más personas las que tuvieren interés en el seguro, por ser beneficiarios, la junta podrá conceder el anticipo a todos mancomunada o separadamente, atendiendo en este último caso a la parte alícuota que a cada cual corresponda en la Declaración de Beneficiarios requerida en la sección 3 de esta Ley, o a la Declaratoria de Herederos. En caso de que la referida Declaración de Beneficiarios no hubiere sido hecha, no se considerará solicitud por anticipo, hasta que se hubiere hecho la Declaratoria de Herederos correspondiente y ésta se encuentre en poder de la Junta de Directores de la Asociación. Por todo anticipo hecho en esta forma se descontarán intereses a un tipo que no excederá del tres (3) por ciento anual sobre la cantidad anticipada y el importe de dicho anticipo será descontado al tiempo de ser liquidado el seguro correspondiente, del importe total del seguro y

acreditado a los fondos de la Asociación. En casos de necesaria y positiva urgencia, cuando existieren menores beneficiarios o cuando los menores no fueren beneficiarios y estuvieren sujetos a la patria potestad o al cuidado del o de los beneficiarios y estuvieren necesitados de alimentación, o cuando un miembro inutilizado carezca de medios adecuados para su tratamiento médico o para subvenir a sus necesidades más imperiosas, la Junta de Directores, previa investigación y comprobación de estos hechos, podrá conceder un veinte (20) por ciento adicional en exceso del sesenta (60) por ciento tomado ya en anticipo, en las mismas condiciones que éste, siempre que presten una buena y suficiente fianza a favor de la asociación con dos fiadores solventes, que se obliguen a pagar la diferencia que pudiera resultar en exceso de la cantidad del anticipo total concedido al tiempo de hacer la liquidación de la póliza de seguro si tal fuere el caso, exigiéndose en los casos de menores beneficiarios la autorización judicial correspondiente para dicho anticipo del sesenta (60) y veinte (20) por ciento; Y *disponiéndose, también,* que la Comisión de Servicio Civil no certificará, aprobará, ni someterá en terna ni en cualquier otra forma como elegibles para nombramiento y así lo consignará en toda terna o documento, para cargo en el Servicio Civil Clasificado o no Clasificado del Gobierno Insular y los jefes de departamentos, oficinas o negociados, incluyendo Auditoría, Secretaría Ejecutiva, *Policía Insular* y Universidad de Puerto Rico, *se abstendrán de nombrar para dichos cargos, sin excusa ni pretexto alguno, a ninguna persona que haya obtenido de esta asociación el seguro por inutilidad física permanente,* y si lo hiciere será responsable con su sueldo a la asociación del importe pagado en dicho seguro, previo acuerdo debidamente fundamentado de la Junta de Directores, el cual le será comunicado al Auditor de Puerto Rico para cumplimiento . . . . ." (Bastardillas nuestras.)

El tribunal a quo resolvió que la sección 20 (*d*) inmediatamente antes citada ha sido derogada implícitamente por la Ley núm. 447 de 1951 ((1) pág. 1299). No es necesario considerar, a los fines de este caso, si se efectuó o no tal derogación, ya que entendemos y resolvemos que dicha sección 20 (*d*) no es aplicable a un caso como el del peticionario. De acuerdo con sus propios términos, tal disposición no es aplicable a la reinstalación en su cargo de un jefe o teniente de la policía.

Los jefes o tenientes de la policía insular no estaban anteriormente incluídos en el Servicio Civil Clasificado del Gobierno Insular y no están incluídos en la actualidad en las categorías especiales de la Ley de Personal. No siendo aplicable al caso de autos la ya citada sección 20 (d) de la Ley núm. 52 de 11 de julio de 1921, según enmendada por la núm. 189 de 11 de mayo de 1942, el caso está cubierto exclusivamente por la sección 27 de la Ley de Organización de la Policía Insular y, por lo tanto, el peticionario tiene derecho a ingresar nuevamente en el cuerpo de la policía como teniente primero, y a que se le reponga como tal. Tratándose de una reinstalación en su cargo en virtud de un mandato de ley, la Comisión de la Policía Insular está obligada a designar y nombrar al peticionario como teniente primero de la policía insular.

 Surge un problema en cuanto al derecho que pueda tener el peticionario, dentro de este procedimiento de mandamus, a que se ordene el pago al peticionario de sueldos o salarios anteriormente devengados, durante el período de tiempo transcurrido desde que él debió haber sido repuesto en su cargo. Este Tribunal ha expresado su preocupación en cuanto a la "seria cuestión legal" de si los tribunales pueden, dentro de un procedimiento de mandamus, conceder el remedio incidental del pago de sueldos atrasados y no pagados en virtud de una remoción ilegal de un funcionario. *Santiago* v. *Fernós, Comisionado*, 70 D.P.R. 730, 732; *Matos* v. *Gándara*, 69 D.P.R. 22, 28; *Abella* v. *Tugwell, Gobernador*, 68 D.P.R. 464, 467. El mandamus, aunque remedio en ley, participa de la índole de los de equidad (*Rodríguez* v. *Corte*, 53 D.P.R. 575) y no tiene, de por sí, las características o funciones de una acción ordinaria en cobro de dinero. *Peña y Balbás* v. *Corte Municipal*, 55 D.P.R. 700. Sin embargo, a tono con la letra (Regla 18) y el espíritu de las Reglas de Enjuiciamiento Civil, aplicables a procedimientos de mandamus (Regla 81, *Martínez* v. *Vda. de Morales*, 72 D.P.R. 210), un demandante puede acumular como independientes o como alternativas tantas reclamaciones como tuviere con-

tra la parte contraria, autorizándose la acumulación de una acción principal con otra accesoria. *Sánchez* v. *Corte*, 64 D.P.R. 478; *Pueblo* v. *Rodríguez*, 67 D.P.R. 735; *Pagán* v. *Santiago*, 69 D.P.R. 145, 148; *Acevedo* v. *Corte*, 70 D.P.R. 94. Tal liberalismo en cuanto a permitir una amplia acumulación de acciones en una sola demanda responde al deseo de escapar de los formalismos de viejos sistemas legales mediante la adopción de conceptos realistas en cuanto a la conveniencia procesal de considerar y resolver en un solo litigio todas las consecuencias de una serie de hechos conectados entre sí, con el propósito de simplificar los procedimientos y hacer más rápida la administración de la justicia. *Sánchez* v. *Corte*, supra; 3 Moore's *Federal Practice* 1803, 2da. ed. Desde ese punto de vista, en un procedimiento de mandamus puede considerarse y resolverse la cuestión referente al pago de sueldos atrasados y devengados, a funcionarios ilegalmente destituídos. Cf. *Cowan* v. *State*, 116 P.2d 854, 136 A.L.R. 1330.

Aunque sea permisible el considerar y resolver en una petición de mandamus una reclamación por sueldos atrasados, sin embargo, y al igual que en todo caso de acumulación de acciones, bajo la propia Regla 18, el remedio sólo puede concederse de acuerdo con los derechos sustantivos de las partes. Aun si el peticionario en este caso tenía derecho a ser repuesto en su cargo de teniente primero de la policía insular, si, como cuestión de hecho, los cargos de teniente primero estaban siendo ocupados y desempeñados por otras personas durante el período de tiempo en que el peticionario debió haber sido repuesto en su cargo, y esas personas, como funcionarios de facto, percibieron los sueldos correspondientes, el peticionario no tiene derecho a que se le paguen tales sueldos en este recurso de mandamus. *Géigel Polanco* v. *Rivera Martínez, Com.*, 48 D.P.R. 124, 133, 134; 5 A.L.R. 572, 583; 35 Am. Jur. 21; 55 C.J.S. 410; 67 C.J.S. 360. El interés público determina la necesidad y conveniencia de que haya continuidad en los

servicios gubernamentales y, a tal fin, el *desideratum* consiste en que las obligaciones inherentes a los cargos públicos sean desempeñadas en todo momento por algún funcionario, aunque sea defacto. Ello implica el pago de sueldos a tales funcionarios y, por consiguiente, el gobierno no debe ser obligado a satisfacer dos veces el mismo sueldo. *Glenn* v. *Chambers*, 48 N.W. 2d 275; *Harding* v. *City of Des Moines*, 188 N.W. 135. Además, e independientemente de disposiciones estatutarias que determinen lo contrario, el derecho a sueldos o salarios públicos debe ser función y consecuencia de servicios prestados, mientras ello sea posible. *Bowlin* v. *Franklin County*, 120 So. 453. En términos generales, el desempeño de un cargo gubernamental no debe ser considerado como un derecho propietario, sino como un deber fiduciario en beneficio del pueblo y, por lo tanto, el disfrute de los sueldos es un incidente de la prestación de servicios. *Hull* v. *City of Cleveland*, 70 N.E.2d 137. Como fundamentos adicionales de la regla que prohibe el pago de salarios por el gobierno cuando tales salarios ya han sido pagados a un funcionario defacto, se ha señalado que los funcionarios gubernamentales a cargo del pago de salarios y sueldos públicos deben tener el derecho a descansar en el título aparente del funcionario *de facto*, y no deben ser obligados, antes de autorizar el pago de tales sueldos, a asumir la función judicial de decidir quién tiene derecho a los sueldos. *City of Peru* v. *State*, 199 N.E. 151; *City of Ashland* v. *Barney's Adm'r.*, 22 S.W.2d 255.

Se podría argumentar que el derecho a sueldos es un incidente y consecuencia del derecho al cargo y que los sueldos deberían ser obtenibles desde el momento en que surgió el derecho a la reposición en el cargo; siendo el derecho a sueldos creado por autoridad de ley y no por disposición contractual, siendo tal derecho, por lo tanto, independiente de la prestación de servicios. *Benwell* v. *Lowery*, 173 P.2d 690, 692; *City of Anniston* v. *Douglas*, 34 So.2d 467. Sin embargo, tal concepto técnico debe quedar subordinado al interés público

predominante de lograr la prestación de servicios gubernamentales continuos y de evitar la duplicidad en el pago de sueldos.

El tribunal inferior concluyó que al radicarse la petición enmendada de mandamus existía una vacante en el cargo de teniente primero de la policía insular, y decretó el pago de sueldos atrasados al peticionario desde esa fecha. Técnicamente, no había funcionario *de facto* al radicarse la petición enmendada de mandamus. No obstante ello, lo que determinó la presentación del recurso de mandamus fué la existencia de una contienda sustancial en cuanto al derecho a reposición del peticionario. Esa contienda no quedó resuelta hasta que se dictó sentencia por el tribunal a quo ordenando la reposición. La parte demandada podía razonablemente cubrir la vacante existente en la fecha ya indicada, antes de dictarse sentencia, precisamente por los fundamentos que le sirven de base a la regla prohibitoria de la duplicidad en el pago de sueldos, o sea, podía razonablemente cubrirse la vacante no obstante la existencia de una contienda judicial con alguna base razonable a los fines de mantener la continuidad en la prestación de los servicios públicos. Nos parece más razonable y justo el que los sueldos atrasados sean pagados desde la fecha en que el tribunal a quo dictó sentencia ordenando la reposición del peticionario. Ante un dictamen judicial favorable al peticionario, las autoridades gubernamentales no hubieran actuado apropiadamente al cubrir cualquier vacante existente con un funcionario defacto. No obstante el hecho de que la sentencia dictada por el tribunal de San Juan ha sido apelada para ante este Tribunal, ha sido la parte demandada la que ha apelado, asumiendo la responsabilidad por la tardanza y, por lo tanto, los sueldos deben ser pagaderos desde la fecha en que el tribunal a quo dictó sentencia. *Corbett* v. *City of Chicago*, 55 N.E.2d 717, confirmada en 62 N.E.2d 693.

*Debe modificarse la sentencia apelada al efecto de que por los demandados se hagan las gestiones conducentes a que se*

*satisfagan los sueldos del peticionario como teniente primero de la policía insular desde el 21 de enero de 1951, fecha en que el tribunal a quo dictó su sentencia, y así modificada, debe confirmarse la sentencia apelada, ordenándose a los miembros de la Comisión de la Policía Insular a que procedan a extender nombramiento de teniente primero de la policía insular al peticionario Buenaventura Rosario.*

El Juez Asociado señor Belaval no intervino.